*LOWERY and others *vs.* SCOTT. [ *358 ]

Notice of protest sent per mail, directed to the drawer of a bill of exchange at the place where the bill on its face purports to have been made, is not sufficient to charge the drawer, *where no inquiry is made as to the place of his residence.*

Where, in such case, the bill at maturity is in the hands of an endorsee, great diligence is not required ; but some inquiry must be made.

THIS was an action of *assumpsit*, tried at the New-York circuit in June, 1838, before the Hon. OGDEN EDWARDS, one of the circuit judges.

Albany, October, 1840.—Lowery v. Scott.

The action was brought by the plaintiffs as endorsees against the defendant as drawer of a bill of exchange, dated *Michigan City*, 26th July, 1836, for $250, payable to the order of E. Ashton, at the North River Bank in the city of New-York. The bill was drawn upon J. C. Van Rensselaer of *Utica*, N. Y. At maturity the draft was protested for non-payment, and notice of protest sent per mail, directed to the defendant at *Michigan City*. It was admitted by the plaintiffs that the defendant was a merchant and had resided and done business at *Waterford*, in this state, for the last six or eight years. The defendant also introduced testimony tending to show that the plaintiffs must have had knowledge that the defendant resided at *Waterford*. The judge charged the jury that neither the *plaintiffs*, or the *notary*, who was the plaintiff's agent, under the circumstances of the case, were bound to use diligence to ascertain the residence of the defendant; that if they should be of opinion that the plaintiffs did not know the residence of the defendant, then the plaintiffs were not bound to make any inquiries for his residence, and were entitled to a verdict. The counsel for the defendant excepted to the charge of the judge, and the jury found a verdict for the plaintiffs.

*E. H. Kimball*, for defendant.

*E. H. Baltchford*, for plaintiffs.

[ *359 ]     *By the Court*, BRONSON, J. The bill bears date at *Michigan City*, in the state of *Indiana;* it was directed to a person residing in *this state*, where payment was demanded, and notice of protest was sent to the *drawer* by mail, directed to *Michigan City*. Before, at and after the time when the bill was drawn, and when it was protested, the drawer resided, and carried on business as a merchant at *Waterford, in this state*, and no inquiry was made for his place of residence. The question is, whether the holders have used due diligence. I think they have not. In the case of an *endorser*, it clearly would not be sufficient to send notice to the place where the bill is dated, without showing something more. But it is said, that will do in the case of a *drawer*. Although there may be a slight presumption that the drawer resides at the place where the bill purports to have been made, it cannot be very strong; for it is matter of common experience, that men draw bills when absent from home, on business or for pleasure, and date them at the place where they are drawn. As the plaintiffs are endorsees, and not original parties to the bill, it is not to be presumed that they knew where the drawer resided. But I think they were bound to make some inquiry on the subject at the place where payment was demanded. The defendant had for several years been a merchant in this state, and would be likely to be known in the city of New-York where the demand

was made. But whether so or not, I think the plaintiffs, or their agent, the notary, should, at least, have asked the drawee of the bill where the drawer resided.

In *Chapman* v. *Lipscombe*, 1 *Johns. R.* 293, the bill was dated at *New-York*, where the acceptors resided, and two notices of protest for the *drawers* were put in the post office at New-York, one directed to them at that place, and the other at *Norfolk*, Virginia, when they in fact resided at *Petersburgh* in that state. But the clerk testified, that "he made diligent inquiry after the defendants [the drawers] at the banks in New-York and elsewhere, and the information was, that they resided at *Norfolk*," where one of the notices was sent. This was held to be "due diligence;" and it was afterwards called "great diligence;" per *Spencer*, *J. [ *360 ] in *The Bank of Utica* v. *De Mott*, 13 *Johns. R.* 432. In *Fisher* v. *Evans*, 5 *Binney*, 541, the precise point arose, and it was held not to be sufficient to send notice to the drawer at the place where the bill was dated, when in fact he lived at another place, and no inquiry was made. *Tilghman*, Ch. J. said, " I can find no such principle as that for which the plaintiff contends, that the place where the bill is drawn must be taken to be the residence of the drawer." The same point arose, and was decided in favor of the drawer, in *Barnwell* v. *Mitchell*, 3 *Conn. R.* 101. We are not referred to any cases holding a different doctrine, nor have any fallen under my observation.

I do not think the holder should be required to push his inquiries very far in a case like this. The drawer can always guard against the misdirection of notice by adding his place of residence to his name. But there is no rule of law which requires him to do so ; and I am not prepared to say, that the holder may omit to make any inquiry whatever, and content himself with sending notice to the place where the bill is dated, if that turn out not to be the residence of the drawer.

New trial granted.